IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

MICHAEL RAY ROBINSON,

    Petitioner,

vs.

NICHOLAS LUDWICK,

    Respondent.

No. C13-0099-LRR

ORDER

This matter is before the court on the petitioner's application for a writ of habeas corpus (docket no. 1) and application for appointment of counsel (docket no. 2). The petitioner filed the former application on September 30, 2013 and the latter application on October 10, 2013. The petitioner paid the required filing fee. *See* 28 U.S.C. § 1914.

Currently confined at the Iowa State Penitentiary in Fort Madison, Iowa, the petitioner brings this action under 28 U.S.C. § 2254 to challenge the legality of his confinement. This case is related to *Robinson v. Ludwick*, Case #: 1:13-cv-00098-LRR (N.D. Iowa 2013). In that case, the court stated:

> [I]t appears that the petitioner submitted a mixed petition because he did not fully and fairly present at least one of his claims to the highest state court. Stated differently, it appears that the petitioner failed to comply with 28 U.S.C. 2254(b)(1)(A), which requires him to exhaust the remedies that are available in the courts of Iowa. Moreover, having reviewed *Robinson v. State*, No. 10-1337, 2013 Iowa App. LEXIS 766 (Iowa Ct. App. 2013),[1] it appears that the

---

[1] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of
(continued…)

> petitioner's claim that trial counsel provided ineffective assistance by failing to argue black persons were systematically excluded from the jury pool does not entitle him to habeas relief, which is an extraordinary remedy. *See Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 785-87 (2011).

Despite the court's prior observations, the clerk's office shall be directed to send a copy of the application for a writ of habeas corpus by certified mail to the respondent and the Iowa Attorney General in accordance with Rule 4, Rules Governing Section 2254 Cases. The respondent shall be directed to file an answer or dispositive motion to the application for a writ of habeas corpus in accordance with Rule 5, Rules Governing Section 2254 Cases, by no later than November 22, 2013.

Lastly, the court concludes that the assistance of counsel is not warranted at this time. Having reviewed relevant state court decisions, it appears that none of the petitioner's claims entitle him to habeas relief. Accordingly, the petitioner's application for appointment of counsel shall be denied. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case).

**IT IS THEREFORE ORDERED:**

1) The clerk's office is directed to send a copy of the application for a writ of habeas corpus by certified mail to the respondent and the Iowa Attorney General in accordance with Rule 4, Rules Governing Section 2254 Cases.

---

[1](…continued)
public records).

2) The respondent is directed to file an answer or dispositive motion to the application for a writ of habeas corpus in accordance with Rule 5, Rules Governing Section 2254 Cases, by no later than November 22, 2013.

3) The petitioner's application for appointment of counsel (docket no. 2) is denied.

**DATED** this 21st day of October, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA