# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| MICHAEL RAY ROBINSON,<br><br>Petitioner,<br><br>vs.<br><br>NICHOLAS LUDWICK,<br><br>Respondent. | No. C13-0099<br><br>ORDER DENYING MOTION TO STRIKE |

This matter comes before the Court on the "Petitioner Reply" (docket number 15) filed *pro se* by Petitioner Michael Ray Robinson on February 18, 2014; and the Resistance (docket number 16) filed by the Respondent on March 7, 2014. Robinson asks that Respondent's Answer (docket number 12) be stricken as untimely.

On September 30, 2013, Robinson filed a petition under 18 U.S.C. § 2254 for writ of *habeas corpus* by a person in state custody. On October 21, 2013, the Court entered an Order directing Respondent to file an answer or dispositive motion by no later than November 22. At Respondent's request, the deadline was later extended to December 23, 2013, and again to January 22, 2014. In granting the second extension, the Court advised Respondent that *"[n]o further extensions will be granted."*

Respondent failed to file an answer by the January 22 deadline. Instead, on February 6, Respondent filed an answer which stated, in part:

> This answer was due on January 22, 2013 [*sic*], and is being filed late. The Respondent prays the Court will accept the filing. Due to the retirement of the attorney handling this case and the press of the caseload, this filing was inadvertently missed.

Respondent's Answer (docket number 12), ¶ 5 at 4.

In his instant "reply," Robinson seizes on the fact that the answer was filed two weeks late and, without citation to authority, asks that the Respondent's answer "be dismissed, ignored, or held inapplicable because it is out of time." In his resistance, Respondent interprets Robinson's filing as a motion for default judgment.[1] Respondent then cites to FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2), setting forth the rule regarding entry of default judgment by the Court. Respondent does not specifically seek a further order extending the time to file his answer.

When an act must be done within a specified time, the Court may, for good cause, extend the time. FED. R. CIV. P. 6(b)(1). If the motion to extend is made after the time for acting has expired, however, then the movant must show that he failed to act because of excusable neglect. RULE 6(b)(1)(B). As set forth above, Respondent states in his answer that the late filing was "[d]ue to the retirement of the attorney handling this case and the press of the caseload, [and] this filing was inadvertently missed." Respondent's attorney provides additional detail regarding his unusually busy caseload in the resistance filed on March 7.

Moreover, Respondent argues that the general rules regarding default judgment do not apply in a *habeas corpus* action, where Petitioner is serving a life sentence for first degree kidnaping and second degree robbery. That is, Respondent argues that Petitioner is not entitled to a reversal of his conviction simply because Respondent was late in filing an answer due to staffing shortages in the attorney general's office.

In *Bradford v. Hobbs*, 2012 WL 2087384 (E.D. Ark.), the Court addressed the petitioner's motion for default judgment in a § 2254 action, where respondent failed to file any answer or responsive pleading. Citing cases from around the country and the district

---

[1] Respondent's resistance states that "[i]n Petitioner's view, because the Answer was one day late, his habeas corpus petition should be granted. In effect, he requests the court to enter default and grant default judgment." It should be noted, however, that Respondent's answer was *not* "one day late," but was in fact 15 days late.

2

courts in the Eighth Circuit, the Court concluded that the petitioner was not entitled to relief.

> Although it does not appear that the Eighth Circuit has ruled on whether habeas petitioners are entitled to default judgments for a failure to answer, every other circuit that has answered the question has decided either that petitioners are not entitled to such relief or that petitioners are only entitled to such relief in extreme circumstances. Several district courts within the Eighth Circuit have come to the same conclusion. Indeed, overturning a state conviction would hardly seem to be a proportionate sanction for a respondent's failure to file a timely response.

*Id.* at *2. I agree. While it is important for all parties, including the state attorney general's office, to comply with court deadlines, striking Respondent's answer in this case and entering default judgment for Robinson is not appropriate. The Court finds excusable neglect for Respondent's failure to timely file his answer. Accordingly, Respondent's answer will be deemed timely filed and Robinson's motion to strike will be denied.

## ORDER

IT IS THEREFORE ORDERED that Petitioner's Motion to Strike (docket number 15) is **DENIED**.

DATED this 10th day of March, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA